# EXHIBIT 1

Copies of Documents and Pleadings on File with Beaufort County Court of Common Pleas

ELECTRONICALLY FILED - 2021 Aug 26 10:14 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701546

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF BEAUFORT )<br> )<br>Johnnie Millen, )<br> )<br>              Plaintiff, )<br> )<br>vs. )<br> )<br>AMIKIDS Beaufort, Inc., )<br> )<br>              Defendants. ) | IN THE COURT OF COMMON PLEAS<br>FOURTEENTH JUDICIAL CIRCUIT<br>CASE NUMBER 2021-CP-07-<br><br><br><br>**<u>SUMMONS</u>**<br>**(JURY TRIAL REQUESTED)** |

TO: THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at her office, 1334 Ashley River Road, Charleston, SC, 29407, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

                                          **WIGGER LAW FIRM, INC.**

                                          *s/Emily Hanewicz Tong, Esq.*
                                          Emily Hanewicz Tong, Esq.
                                          S.C. Bar No.: 102042
                                          1334 Ashley River Road
                                          Charleston, SC 29407
                                          t: (843) 553-9800
                                          f: (843) 203-1496
                                          e: ehtong@wiggerlawfirm.com

                                          *Attorney for the Plaintiff*

At Charleston, South Carolina
The 25th day of August, 2021.

1

ELECTRONICALLY FILED - 2021 Aug 26 10:14 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701546

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF BEAUFORT ) <br> ) <br> Johnnie Millen, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AMIKIDS Beaufort, Inc. ) <br> ) <br> Defendants. ) | IN THE COURT OF COMMON PLEAS <br> FOURTEENTH JUDICIAL CIRCUIT <br><br> CASE NO.: 2021-CP-07-_____ <br><br><br> **COMPLAINT** <br> **(JURY TRIAL REQUESTED)** |

**TO THE ABOVE-NAMED DEFENDANT:**

The Plaintiff, complaining of the Defendant, would respectfully show unto the Honorable Court as follows:

### JURISDICTION AND PARTIES

1. The Plaintiff is a citizen and resident of the County of Beaufort, State of South Carolina.

2. The Defendant, AMIKIDS Beaufort, Inc., is, upon information and belief, a domestic corporation organized under and operating by virtue of laws of the State of South Carolina, and at all times herein conducted business within the State of South Carolina and the County of Beaufort.

3. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

### STATEMENT OF FACTS

4. The Plaintiff reiterates and realleges the allegations set forth above, as if fully stated herein verbatim.

5. On or about July 7, 2017, the Plaintiff began working for Defendant as a teacher and Vocational Instructor.

6. At all times relevant to this Complaint, the Plaintiff was efficient and effective in his work.

7. On or about September 4, 2020, while working for Defendant, the Plaintiff was overseeing a group of approximately 15 students when one of them attacked the Plaintiff and punched him in the left eye causing a large, hemorrhaging open wound.

8. The Plaintiff immediately called for help over Defendant's radio system, but no one responded. Finally, another teacher notified the Executive Director, Matthew Kingdom that Plaintiff had been injured.

9. When Mr. Kingdom was not willing to assist the Plaintiff, he called 911 himself and requested an ambulance for transport to a nearby emergency room.

10. The Plaintiff then followed up for further treatment, as required by his physicians, and was ordered out of work until October 15, 2020 due to his eye injury.

11. The Plaintiff initiated a claim for workers' compensation, but the Defendant denied and continues to deny the same.

12. On or about October 1, 2020, the Plaintiff was diagnosed with Atrial Fibrillation and was informed he would need surgery. He contacted Defendant's Executive Director and requested FMLA forms to begin the process of submitting for approved leave.

13. As a result of the September 4th incident, South Carolina Department of Social Services (hereinafter "DSS") initiated an investigation into whether there was any wrongdoing on the part of the Plaintiff. That investigation was not concluded until October 24, 2020.

14. Despite the fact that no conclusions had been reached regarding misconduct on the part of the Plaintiff, Defendant terminated Plaintiff's employment effective October 13, 2020.

15. Defendant therefore terminated Plaintiff's employment in direct retaliation for initiating a workers' compensation claim and for attempting to take leave to which he was entitled under the Family Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq.*) (hereinafter "FMLA").

16. On December 10, 2020, DSS found that the evidence did not support a determination that the Plaintiff had abused or neglected the student/attacker. Despite this finding, Defendant has failed to reinstate the Plaintiff to his former position.

## FOR A FIRST CAUSE OF ACTION
## RETALIATORY DISCHARGE IN VIOLATION OF §41-1-80

17. Plaintiff reiterates and realleges the allegations set forth above as if fully stated herein verbatim.

18. The Plaintiff's termination was retaliatory in nature for instituting, or causing to be instituted, a workers' compensation claim and any arbitrary and irrational reason given was pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

ELECTRONICALLY FILED - 2021 Aug 26 10:14 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701546

ELECTRONICALLY FILED - 2021 Aug 26 10:14 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701546

19.     Plaintiff's institution of a workers' compensation claim was a substantial factor in the Defendant's decision to terminate his employment. But for filing a workers' compensation claim, the Plaintiff would still be employed.

20.     The acts and conduct of the Defendant set forth above constitute a clear violation of public policy and were conducted in bad faith.

21.     By reason of such wrongful and retaliatory treatment by Defendant, the Plaintiff is entitled to back wages and bonuses from the date of his retaliation to the present date, front pay for wages, wages he will lose in the future, and past and future benefits in such an amount to be determined by the trier of fact.

### FOR A SECOND CAUSE OF ACTION
### VIOLATION OF FAMILY MEDICAL LEAVE ACT

22.     Plaintiff reiterates and realleges the allegations set forth above as if fully stated herein verbatim.

23.     The Defendant is a qualified "employer" subject to FMLA and this Court has jurisdiction to enforce the provisions of said statute.

24.     The Plaintiff is informed and believes that upon his request, he was entitled to take leave pursuant to the FMLA.

25.     The Defendant's discipline against and discharge of Plaintiff as a result of his having requested such leave constitutes a violation of the FMLA.

26.     Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

27.     Accordingly, Plaintiff is informed and believes that he is entitled to compensatory damages in the nature of his lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and reasonable attorneys' fees and costs for the bringing of this action.

### REQUEST FOR RELIEF

28.     The Plaintiff reiterates and realleges the allegations set forth above, as if fully stated herein verbatim.

29.     That by reason of such wrongful acts of Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

**WHEREFORE, the Plaintiff prays for the following relief:**

A. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;
B. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;
C. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;
D. Prejudgment interest, costs and attorneys' fees as may be allowed by law; and
E. For such other and further relief as this Court deems just and proper.

**WIGGER LAW FIRM, INC.**

*s/Emily Hanewicz Tong, Esq.*
Emily Hanewicz Tong, Esq.
S.C. Bar No.: 102042
1334 Ashley River Road
Charleston, SC 29407
t: (843) 553-9800
f: (843) 203-1496
e: ehtong@wiggerlawfirm.com

*Attorney for the Plaintiff*

At Charleston, South Carolina
The 25th day of August, 2021.

ELECTRONICALLY FILED - 2021 Aug 26 10:14 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701546

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br>COUNTY OF BEAUFORT | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT |
| JOHNNIE MILLEN,<br><br>　　Plaintiff,<br><br>v.<br><br>AMIKIDS Beaufort, Inc.,<br><br>　　Defendants. | CASE NUMBER: 2021-CP-07-01546<br><br>**AFFIDAVIT OF SERVICE** |

I, L. Ashley Wigger, who, being duly sworn, depose and say that on the **November 1, 2021**, I served the Defendant, AMIKIDS Beaufort, Inc., by certified mail, restricted delivery, return receipt requested, a true copy of the Amended Summons and Complaint, (See Attached Return Receipt) at the following address:

**Party Served:**　AMIKIDS of Beaufort
c/o CT Corporation
2 Office Park Ct., Ste. 103
Columbia, SC 29223

WIGGER LAW FIRM, INC.

_____
L. Ashley Wigger
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406

SWORN to before me this 11Th
day of November, 2021

Rebeca Powell
NOTARY PUBLIC FOR SC
My Commission Exp: march 16, 2027



Page 1 of 1

ELECTRONICALLY FILED - 2021 Nov 12 1:51 PM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701546

# Exhibit A

ELECTRONICALLY FILED - 2021 Nov 12 1:51 PM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701546

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    AMIKIDS of Beaufort
    c/o CT Corporation System
    2 Office Park Ct. Ste. 103
    Columbia, SC 29223

    9590 9402 6521 0346 0914 49

2. Article Number (Transfer from service label)

    7020 2450 0000 9661 1225

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X Lisa Cutler    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                   11-1-01

D. Is delivery address different from item 1? ☐ Yes  ☒ No
   If YES, enter delivery address below:

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☒ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery (over $500)

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED - 2021 Nov 12 1:51 PM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701546

# Exhibit B

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 70202450000096611225          Remove ✕

Your item has been delivered to an agent for final delivery in COLUMBIA, SC 29223 on November 1, 2021 at 11:56 am.

## ✓ Delivered to Agent for Final Delivery

November 1, 2021 at 11:56 am
COLUMBIA, SC 29223

Get Updates ⌄

---

**Text & Email Updates**                                                                  ⌄

---

**Tracking History**                                                                      ⌃

November 1, 2021, 11:56 am
Delivered to Agent for Final Delivery
COLUMBIA, SC 29223
Your item has been delivered to an agent for final delivery in COLUMBIA, SC 29223 on November 1, 2021 at 11:56 am.

October 30, 2021, 11:12 am
Delivery Attempted - No Access to Delivery Location
COLUMBIA, SC 29223

ELECTRONICALLY FILED - 2021 Nov 12 1:51 PM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701546

Feedback

ELECTRONICALLY FILED - 2021 Nov 12 1:51 PM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701546

October 30, 2021, 7:42 am
Out for Delivery
COLUMBIA, SC 29223

October 30, 2021, 7:31 am
Arrived at Post Office
COLUMBIA, SC 29223

October 29, 2021, 9:26 pm
Departed USPS Regional Facility
COLUMBIA SC PROCESSING CENTER

October 29, 2021, 9:12 am
Arrived at USPS Regional Facility
COLUMBIA SC PROCESSING CENTER

October 28, 2021, 7:32 pm
Arrived at USPS Regional Facility
CHARLESTON SC PROCESSING CENTER

**Product Information**                                                              ∨

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

ELECTRONICALLY FILED - 2021 Nov 15 10:17 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701546

# Certificate of Electronic Notification

**Recipients**

**Emily Tong** - Notification transmitted on 11-12-2021 01:51:26 PM.

ELECTRONICALLY FILED - 2021 Nov 15 10:17 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701546

## ****** IMPORTANT NOTICE - READ THIS INFORMATION *****
## NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2021CP0701546

| | |
|---|---|
| **Official File Stamp:** | 11-12-2021 01:51:11 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Beaufort |
| **Case Caption:** | Johnnie Millen VS Amikids Beaufort Inc |
| **Document(s) Submitted:** | Service/Affidavit Of Service |
| | - Exhibit/Filing of Exhibits |
| | - Exhibit/Filing of Exhibits |
| **Filed by or on behalf of:** | Emily Hanewicz Tong |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

Emily Hanewicz Tong for Johnnie Millen

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Amikids Beaufort Inc