**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Johnnie Millen, | Civil Action No. 9:21-cv-03879-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| AMIkids Beaufort Inc., | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 29). The Magistrate Judge recommends that the Court grant Defendant's motion for summary judgment (Dkt. No. 18). Plaintiff objected to the R & R (Dkt. No. 30), and Defendant filed a response. (Dkt. No. 31). For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Defendant's motion for summary judgment.

**I.   Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. *Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See*

1

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II. Background

Plaintiff was employed as a vocational instructor with Defendant, which operates a program for at-risk youth, many of whom have significant behavioral and mental health issues. Defendant's employees were trained to deescalate hostile situations with students and to remain professional in all encounters. On September 4, 2020, Plaintiff and one of the students under Plaintiff's supervision engaged in a hostile confrontation over 20-30 minutes in which both the student and Plaintiff used profanity. At the end of the confrontation, the student struck Plaintiff in the face. Investigators from the South Carolina Department of Social Services ("DSS") and the Beaufort County Sheriff's Office interviewed eyewitnesses to the incident and prepared reports. The Sheriff Office's report found that Plaintiff had cursed at the student and made verbal threats toward him in the course of the confrontation, which had escalated the situation. (Dkt. No. 18-5 at 8). The Sheriff Office's report further stated that when the investigating officer informed Plaintiff no charges would be brought against the student, he became very hostile and told the officer to get his "Donald Trump self . . . out of his room." (*Id*. at 6). The DSS investigation similarly documented eyewitness accounts of Plaintiff cursing at the student. A fellow staff member, Guy Henry, Sr., observed a portion of the confrontation and heard Plaintiff use profanity, "including the 'F' word." (Dkt. No. 18-10 at 3).

Plaintiff filed a workers' compensation claim for the injuries arising from the September 4, 2020, incident. On October 5, 2020, Plaintiff requested Family and Medical Leave Act (FMLA) paperwork after being diagnosed with a condition unrelated to the assault. On October 13, 2020, Defendant terminated Plaintiff. Defendant's termination letter to Plaintiff provided:

> You have been terminated for the following reason(s):
>
> On August 28, 2020, you responded inappropriately to the Regional Director of Education regarding coaching on providing required student documentation. You were verbally disrespectful and responded with profanity.
>
> Just over a week later, on September 4, 2020, the police determined that you instigated a physical alternation with a youth. During this incident, the deputies determined that due to your use of profanity and aggressive behavior, the youth feared for this safety. It also appears that you treated Law Enforcement disrespectfully.
>
> . . . Your actions were in violation of the Standards of Conduct as it pertains to interactions with program youth. (Dkt. No. 21-5).

Plaintiff alleges that he was terminated in retaliation for initiating his FMLA and South Carolina Workers' Compensation Law (SCWCL) claims. Plaintiff brought claims for retaliation and interference under the FMLA and for retaliation under the SCWCL. On April 25, 2023, the Magistrate Judge recommended that the Court grant Defendant's motion for summary judgment (Dkt. No. 18). (Dkt. No. 29). Plaintiff filed timely objections to the R & R. (Dkt. No. 30). The matter is ripe for the Court's review.

### III. Discussion

The Magistrate Judge, in a thorough 21-page R & R, set forth the factual background preceding Plaintiff's termination from employment and addressed in detail his claims arising under the FMLA and SCWCL. The Magistrate Judge found that Plaintiff established a prima facie case under both acts and Defendant provided legitimate, non-retaliatory reasons for its termination decision. The burden then shifted to Plaintiff to show that the reasons asserted by the employer for Plaintiff's termination were pretextual, which the Magistrate Judge found Plaintiff failed to do. (Dkt. No. 29). Consequently, the Magistrate Judge recommended that the Court grant Defendant's motion for summary judgment.

3

The Magistrate Judge noted that Plaintiff made much of the fact that he had not been charged by the Sheriff's Office with a crime arising from the confrontation with the student and DSS ultimately did not find he had committed child abuse. The Magistrate Judge stated that the fact that these investigations did not result in official action against Plaintiff did not absolve him of wrongdoing in his employment. (*Id.* at 10-12). Defendant had the right to determine whether Plaintiff's behavior met its standards of conduct for working with troubled, at-risk youth.

Plaintiff submitted objections to the R & R. First, Plaintiff argues that the Magistrate Judge erred in concluding that Defendant had not interfered with his pursuit of FMLA benefits. (Dkt. No. 30 at 1). The R & R addressed in detail the findings that Defendant had legitimate, non-retaliatory reasons for terminating Plaintiff, which prevents liability under the FMLA.

Second, Plaintiff contends the Magistrate Judge gave insufficient consideration to the affidavit of a fellow employee of Plaintiff's, Olatunji Adejola. The affidavit clearly states that Mr. Adejola was not present at the altercation and overheard only a portion of the incident over a walkie talkie when Plaintiff was seeking assistance from other staff. Mr. Adejola states that during the portion of the incident he overheard Plaintiff did not use profanity. (Dkt. No. 21-2). Plaintiff argues that based on this affidavit summary judgment should be denied. (Dkt. No. 30 at 2).

Viewing the affidavit in a light most favorable to Plaintiff, the statement does not create a *material* factual dispute. Mr. Adejola was not an eyewitness to the incident and overhead only limited portions of the confrontation over the walkie talkie. Plaintiff acknowledged in his deposition he used curse words during the incident and numerous eyewitnesses detailed Plaintiff's profanity-ridden exchange with the student. (Dkt. Nos. 18-2 at 15; 18-5; 18-10).

### IV.     Conclusion

Based upon the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge as the order of the Court and **GRANTS** Defendant's motion for summary judgment.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

June 12, 2023  
Charleston, South Carolina